(Superior Court of Cincinnati.)

GEORGE J. GOLD et al. v. ERNST H. FRANZ.

---

In order to constitute disseizen of the co-tenant there must be some overt act of an unequivocal character to the denial and exclusion of the right of the other co-tenants in the entire premises. The mere occupancy by one tenant of the common premises, is no evidence of the ouster of the co-tenant.

HUNT, J.

This is an action for a mandatory injunction, and also involves the title to a court or alley ten (10) feet in width,

and running northwardly seventy (70) feet from Pugh alley, between John and Smith streets, in Cincinnati, Ohio.

It appears that in 1831, Nicholas Longworth, being then the owner of all the property in the square, bounded by Fourth and Fifth, and John and Smith streets, in Cincinnati, conveyed the real estate now owned by W. B. Morrow, plaintiff, describing it as sixteen and two-thirds (16⅔) feet front on the west side of John street, and extending back one hundred (100) feet to a ten (10) foot alley.

In 1839, Longworth conveyed the property now owned by the plaintiff, Gold, describing it as twenty (20) feet front on the west side of John street, and extending back one hundred (100) feet to a ten (10) foot alley.

In 1846, Longworth began to lease a strip described as seventy (70) feet on the east side of Bailey Court, and extending back forty (40) feet to this ten (10) foot alley, and also leased all his interest (the reversion subject to the easement) in the ten (10) foot alley. This is the property now owned by the defendant, Ernst H. Franz.

On January 5, 1871, the defendant Ernst H. Franz, became the owner of this last leasehold, with privilege of purchase, and found upon the premises a building which was then encroaching two and one-half (2½) feet on the private alley. In 1872, Franz reconstructed the building, putting the new building (which is the present structure) on the same lines as the old structure.

The evidence shows that the lot owners on John street had gates leading from their back yards into this private alley, and used the private alley for depositing their ash barrels, carrying out rubbish, etc.

The defendant, Franz, wishing to purchase the fee to the leased property then held by him, had a survey made in September, 1882, of the premises. This survey showed that the building on the premises extended two and one-half (2½) feet on the private alley. This was his first knowledge that the building was not on the true line.

March 8, 1883, Franz purchased the fee simple to the leased property.

In 1884, and subsequent thereto, the witnesses. James G. Chrispin, George J. Gold, W. B. Morrow and W. A. Goodman, each had conversations with the defendant Ernst H. Franz, in which conversations they called his attention to the fact that his stable encroached upon the private alley. Each of these witnesses swears that Franz admitted the encroachment, claimed it was by mistake, and agreed that he would shortly thereafter reconstruct his building, making it a brick structure, and reconstructing it upon the true line.

The defendant, Franz, contradicts these four witnesses. The question for this court to consider is, on which side is the weight of evidence. This is really the only disputed question of fact in the case, and there is the evidence of four witnesses on the one side as against one on the other side.

In 1895, the defendant Ernst H. Franz not having reconstructed his stable, this suit was brought, seeking a mandatory injunction to compel the defendant to remove the obstruction in the alley.

The defendant files his amended answer and cross-petition, and seeks affirmative relief to the end that the title vesting in the two and one-half foot stip, and also the title to the entire alley, may be quieted in the defendant by reason of open and undisputed possession for more than twenty years preceding the commencement of this action.

### LAW IN THE CASE.

The recitals of the alley as the boundary of the property conveyed, creates an easement in such alley and amounts practically to a dedication of the alley as a private way for such conveyed property. Shields v. Titus, 466 Ohio St., 528; O'Farrell v. Chase, 2 Bul., 4; Kneisel v. Krug, 9 Bull., 38.

We take it, therefore, that mandatory injunction is a proper remedy in this case. Harrison v. Pike, 4 Bull., 156; Pomeroy v. Salt Co., 37 Ohio St., 520.

Plaintiffs, if entitled to possession, are entitled to have the alley kept open, not only in the rear of their own property, but for its entire length and width. Shields v. Titus, 46 Ohio St., 528; Thomas v. Poole, 7 Gray, 83; Robinson v. Robinson, 9 Gray, 444; Harrison v. Pike, 4 Bull., 156.

It appears that the lease from N. Longworth to Richard Dumont, dated October 20, 1853, for the term of fourteen (14) years, conveyed "seventy feet front on Bailey Court and about forty (40) feet deep to a ten-foot alley or court, and all right and interest of said Longworth in said ten foot alley," while the lease dated August 18th, 1864, from the executor of N. Longworth to George Ripley, assignee of Richard Dumont, conveys a lot "seventy feet front on Bailey Court, and about forty feet deep to a ten-foot court or alley," which lease supercedes the Dumont lease. The term of this lease is for twenty years, with the privilege of purchase.

This lease was purchased by the defendant, Ernst H. Franz, on January 5, 1871, while the defendant, Ernst H. Franz, purchased the fee from Catherine L. Anderson, on March 8, 1883. This deed also conveyed "seventy feet front on Bailey Court and about forty feet in depth to a ten-foot alley."

It is the contention of the defendant that the possession of Ripley, under the deed of August 18, 1864, was adverse in

the two and one-half foot strip and inures to the benefit of the defendant, and that the remainder of the court or alley was abandoned by plaintiffs, and that the defendant has the legal title by adverse possession. The case of McNeely v. Langan, 22 Ohio St., p. 32, is cited to show that the possession that is necessary to bar an action for the recovery of real property, need not be continuous for the period of limitation to any one occupant. The evidence tending to show when the building in fact was erected, is speculative and inferential. It is only certain that the defendant found the boundary there in 1871, and erected on the same foundations; nor does the evidence satisfy the court that there was any abandonment of the right to the use of the court or alley by any of the co-tenants.

### CONCLUSION OF THE COURT.

It is not necessary, in our view of the case, to discuss the question whether the defendant was in fact in possession prior to the time he acquired title in 1888, in order to hold adversely as against any person, or that possession under a contract of purchase can not be adverse in the vendor while the contract is in existence, as claimed in Woods v. Dill, 11 Ohio, 455, cited by the plaintiffs; nor whether a lessee, not possessed of an estate of freehold, can do anything to defeat the allegiance to the landlord under whom he claims as lessee. We hold under the law and the evidence in the case, that the defendant's claim to adverse possession can not be maintained, for the following reasons:

(1). There was no such open, notorious and adverse possession for a period of twenty-one years next preceding the commencement of the action as would give the defendant a title to any of the strip or entire alley, as claimed in the petition.

(2). Defendant can not claim adversely, because in 1884 and subsequently, he admitted that he did not hold adversely, and agreed to remove the structure and rebuild on the true line. Adverse possession must be continuous, as well as open, notorious and exclusive. The continuity of possession necessary to make out a title under adverse possession, is broken when an acknowledgment is made before the statute has fully run in favor of defendant, that he has, or claims no title to the land occupied. See cases cited in Wood on Limitations, 2nd Ed., 270, Vol. 2, p. 6688, under second proposition.

(3.) Finally, the defendant was a tenant in common with the other property owners of the easement to the alley in question. A tenant in common is not affected by his co-tenant's mere occupancy, until some unequivocal overt act is done, clearly indicating adverse possession. Young v. Heffner, 36 Ohio St ,

232; Freeman on Co-tenancy and Par., sec. 230, et seq.

There was no such unequivocal or overt act on the part of defendant or his predecessor in title, that would dis-seize his co-tenants of the common use of the entire alley, nor was there any such abandonment on their part or the part of any of them, that would prevent the assertion of a common use. Nothing has been done by the plaintiff in conflict with the rights they claim in the court or alley.

The co-tenants with the defendant are entitled to the undisputed use of the whole of the court or alley-way, for a width of ten feet, and running northwardly from Pugh alley, a distance of seventy feet, and a mandatory injunction will issue accordingly. The cross-petition of the defendant is dismissed.

Cohen & Mack, for plaintiff.

Closs & Luebbert, contra.

---

(Clark County, Ohio, Probate Court.)